UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON and MIKEAL STINE,<br><br>  Plaintiffs,<br><br>  v.<br><br>J. PRELIP and J. FRISK,<br><br>  Defendants. | Case No. 13-cv-5502 VC (PR)<br><br>**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER, FOR SUBPOENAS DEUCES TECUM AND FOR STAYING COLLECTION OF FILING FEE; ORDER FOR PLAINTIFFS TO PROVIDE INFORMATION REGARDING DEFENDANT PRELIP**<br><br>Docket nos. 30, 38-40 |

Jeremy Pinson and Mikeal Stine, inmates at the United States Penitentiary in Florence, Colorado ("USP-Colorado"), filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging the violation of their constitutional rights by J. Prelip and J. Frisk, employees at Pelican Bay State Prison ("Pelican Bay") in California. On April 4, 2014, Pinson, Stine and other putative plaintiffs filed a motion to stay collection of the filing fee. On April 14, 2014, the Court issued an Order of Partial Service, dismissing other plaintiffs from the action and finding that Pinson and Stine had alleged cognizable First and Eighth Amendment claims against Prelip and Frisk. On April 24, 2014, the Pelican Bay litigation coordinator notified the Court that he could not identify J. Prelip as ever working at Pelican Bay. On April 28, 2014, Pinson and Stine filed a motion for subpoenas duces tecum in order to request production of evidence from the Bureau of Prisons, the Federal Bureau of Investigation and the United States Department of Justice Office of the Inspector General. On April 28, 2014, Pinson and Stine filed a motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction and a motion for an order shortening time for a hearing on the TRO. For the reasons stated below, the motions filed by Pinson and Stine are DENIED and they are requested to provide a current address for Prelip so that he may be served.

**I. Motions for TRO and Preliminary Injunction**

The corrected amended complaint alleges the following:

Pinson and Stine formed and operate the Federal Prisoners Union and collaborate on articles related to prisons and criminal justice reform that are published in "The San Francisco Bay View." In 2012, Pinson wrote an article advocating hunger strikes at Pelican Bay. In retaliation, Prelip and Frisk told several inmates in the Pelican Bay Secured Housing Unit that Pinson and Stine were snitches. Members of the Aryan Brotherhood and Mexican Mafia at USP-Colorado received this information which resulted in attacks on Pinson and Stine by armed inmates at that prison.

In their motion for a TRO and preliminary injunction, Pinson and Stine state that they are threatened with imminent danger, even death, from armed federal inmates who believe Pinson and Stine are snitches. They assert that Prelip and Frisk "have enlisted the help of Bureau of Prison officials to house Plaintiffs with active members of the Aryan Brotherhood and Mexican Mafia and their associates with intent to cause Plaintiffs to be killed." The relief they request is an order for the Bureau of Prisons "to immediately cause Plaintiffs Stine and Pinson to be housed in a unit that only holds inmates considered protective custody inmates and that Plaintiffs Pinson and Stine shall not be incarcerated in unit [sic] that incarcerates members of Aryan Brotherhood or Mexican Mafia or known Associates . . ., that Plaintiffs Stine and Pinson shall not be incarcerated in unit [sic] with disciplinary segregation inmates; general population inmates; administrative detention inmates; control unit inmates; special administrative inmates . . . Plaintiffs shall only be housed with or around other protective custody inmates."

Pinson and Stine's motion for a TRO and preliminary injunction must be denied because this Court cannot order the relief they request. An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). To enforce an injunction against an individual or entity, the district court must have personal jurisdiction over them. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). An injunction against a party over whom the court lacks personal jurisdiction would be futile because the court would be powerless to enforce it. *Id.*

2

This Court does not have jurisdiction over the Bureau of Prisons or any official at USP-Colorado because they are not parties to this action. Further, this Court most likely does not have personal jurisdiction over officials at USP-Colorado because they are not within this jurisdictional district and Pinson and Stine do not assert that they have the requisite contacts with this forum. *See Calder v. Jones*, 465 U.S. 783, 788 (1984) ("The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . . In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation."). If Pinson and Stine seek to have their housing classification changed at USP-Colorado, they might consider filing a civil rights action in Colorado.

Therefore, Pinson and Stine's motion for a TRO and preliminary injunction and motion to shorten time for a hearing on the motion are DENIED.

**II. Motion For Subpoenas Duces Tecum**

Pinson and Stine's motion for subpoenas to obtain discovery from three federal agencies is denied. First, no defendant has yet appeared in this action and so seeking discovery is premature. Second, Pinson and Stine have not shown that these agencies would even possibly have information helpful to the plaintiffs. However, denial is without prejudice to re-filing this motion after defendants have appeared in this action and the plaintiffs can articulate the specific discovery they seek.

**III. Motion to Stay Collection of Filing Fee**

This motion is denied without prejudice to re-filing after defendants have appeared in this action so that they may file an opposition.

**IV. Plaintiffs Must Provide Information Regarding Prelip**

As stated previously, Prelip has not been served. Pinson and Stine allege that Prelip was employed at Pelican Bay and that is where the Court sent the notice of lawsuit and waiver of service of summons. However, the Pelican Bay litigation coordinator informed the Court that Prelip never worked at Pelican Bay and returned the notice of lawsuit and request for waiver of

3

1 service to the Court.

2 Because Plaintiffs are proceeding IFP, they are responsible for providing the Court with current addresses for all defendants so that service may be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-85 (1995); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Because Pinson and Stine have not provided sufficient information to allow the Marshal or the Court to locate and serve Prelip, they must remedy the situation or face dismissal of their claims against Prelip without prejudice. *See Walker,* 14 F.3d at 1421-22 (prisoner failed to show cause why defendant should not be dismissed under Rule 4(m) where prisoner failed to show he had provided sufficient information to effectuate service).

Accordingly, within thirty (30) days of the filing date of this Order, Pinson and Stine must provide the Court with an accurate and current address for Prelip such that mailing the notice of lawsuit and request for waiver of service will effectuate service on Prelip. If they fail to do so, the claims against Prelip will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Pinson and Stine's motions for a TRO and preliminary injunction and for an order shortening time for a hearing on this motion are DENIED. Doc. nos. 39 and 40.

2. Pinson and Stine's motions to stay collection of their filing fee and for subpoenas duces tecum are denied without prejudice to re-filing after a defendant appears in this action. Doc. nos. 30 and 38.

3. Within thirty days from the date of this Order, Pinson and Stine are to provide the Court with a current address for Prelip so that he may be served. If they fail to do so, the claims against

1 | Prelip will be dismissed without prejudice.

2 | **IT IS SO ORDERED.**

3 | Dated: May 13, 2014

_____
VINCE CHHABRIA
United States District Judge