UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY PINSON and MIKEAL STINE,

    Plaintiffs,

    v.

J. PRELIP and J. FRISK,

    Defendants.

Case No. 13-cv-5502 VC (PR)

**ORDER GRANTING MOTION TO DISMISS DEFENDANT; GRANTING, IN PART, MOTION FOR RECONSIDERATION; DENYING MOTION TO APPOINT COUNSEL**

Docket nos. 47, 48

    On November 27, 2013, six inmates housed at various federal penal institutions filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging the violation of their constitutional rights by the California Department of Corrections and Rehabilitation and by J. Prelip and J. Frisk, employees at Pelican Bay State Prison ("Pelican Bay"). On December 16, 2013, three of those six inmates filed an amended complaint. On January 21, 2014, the Court issued an Order for Clarification because only three of the six original plaintiffs signed the amended complaint and several plaintiffs had filed their consent to proceed before a magistrate judge, but one had filed a declination to do so. The Court ordered that, if more than the three individuals who signed the amended complaint wished to pursue the action, a corrected amended complaint ("CAC") must be filed, signed by all the people who wished to remain as plaintiffs. On February 18, 2014, five individuals filed a CAC.

    On April 14, 2014, the Court reviewed the CAC. Doc. no. 31. The Court allowed Jeremy Pinson and Mikeal Stine to proceed with this action and dismissed the other individuals without prejudice to filing separate lawsuits, dismissed claims against the Department of Corrections on Eleventh Amendment grounds and served cognizable First and Eighth Amendment claims as to Defendants J. Prelip and J. Frisk. The Court also denied as moot the December 13, 2013 motion by Plaintiffs Pinson, Stine and Brown for an extension of time to file IFP applications and a motion for appointment of counsel. On April 24, 2014, the Court received notice from the Pelican Bay Litigation Coordinator that J. Prelip could not be served because he could not be identified as

ever working at Pelican Bay State Prison.

Now Pinson and Stine file motions to dismiss Prelip as a defendant and for reconsideration of the Court's Order dismissing the Department of Corrections as a defendant and denying as moot their motion for appointment of counsel. The Court grants Pinson and Stine's motion to dismiss Prelip without prejudice for them to reassert the claims against him if they are able to ascertain his correct address. The Court now addresses the motion for reconsideration.

## DISCUSSION

Motions for reconsideration are governed by Civil Local Rule 7-9, which states, in relevant part:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Civ. L.R. 7-9(a)-(c) (emphasis added).

Although Pinson and Stine have not sought leave of the Court to file a motion for reconsideration, the Court construes their motion for reconsideration as fulfilling this requirement and addresses it on its merits.

I. Appointment of Counsel

The Court's April 14, 2014 Order construed Plaintiffs' December 13, 2013 motion as a motion requesting an additional twenty-one days to file both IFP applications and a motion for appointment of counsel. Because, on April 14, 2014, more than the twenty-one days requested had passed, the Court denied the motion for an extension of time as moot without addressing the merits of the motion. In looking more carefully at the December 13, 2013 motion, it appears that plaintiffs were requesting appointment of counsel and not requesting an extension of time in which to do so. Therefore, the Court grants Pinson and Stine's request for reconsideration of its Order and now addresses the motion for appointment of counsel.

In their December 13, 2013 motion, plaintiffs sought appointment of counsel based on the allegations that prison staff was destroying their legal mail, refusing to mail two of their motions to the Court and threatening disciplinary action in retaliation for plaintiffs' communications with one another in prosecution of this lawsuit. In their motion for reconsideration, Pinson and Stine seek appointment of counsel because they have no access to the law library and are unable to obtain declarations from witnesses at Pelican Bay State Prison.

"[I]t is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to afford counsel." The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

Here, exceptional circumstances requiring the appointment of counsel are not evident. The

1  fact that Pinson and Stine have filed many documents in this case indicates that prison officials are
2  not interfering with their mail to the Court and that they have been able to communicate with each
3  other. In regard to obtaining statements from inmate witnesses, Pinson and Stine are in the same
4  position as other inmates pursuing civil rights actions. If Pinson and Stine are denied access to the
5  law library at the time they must respond to a motion filed by Defendants, they may so inform the
6  Court at that time. The request for appointment of counsel is DENIED. If, in the future, the Court
7  concludes it is necessary to appoint counsel to represent Pinson and Stine, it shall do so *sua*
8  *sponte*.
9  II. Dismissal of Claims Against Department of Corrections
10          Pinson and Stine argue that the Court erroneously dismissed their claims against the
11  Department of Corrections because the Eleventh Amendment does not bar injunctive or
12  declaratory relief which, they indicate, is the relief they sought against this defendant. In its April
13  14, 2014 Order, the Court reviewed the CAC as the operative complaint. See April 14, 2014
14  Order at 2-3 ("Because an amended complaint completely replaces the original complaint, the
15  Court considers the allegations in the CAC"). In the CAC, Pinson and Stine did not indicate the
16  type of relief requested. The original complaint, filed by six putative plaintiffs and which named
17  only the Department of Corrections as a defendant, requested compensatory and punitive damages
18  and an injunction estopping the Department of Corrections from retaliating against plaintiffs. The
19  amended complaint, filed by three putative plaintiffs and which added defendants Prelip and Fisk,
20  requested compensatory and punitive damages and an injunction enjoining the Department of
21  Corrections from rejecting articles published by Plaintiffs.
22          Based on the foregoing, the Court did not erroneously dismiss claims for injunctive relief
23  against the Department of Corrections because the first two complaints were superseded by the
24  CAC and the CAC did not request injunctive relief. However, this does not mean that the Court
25  will not entertain a motion to file a third amended complaint for Pinson and Stine to add specific
26  allegations, assert specific claims and request specific prospective injunctive relief against the
27  Secretary of the Department of Corrections. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14
28  (1985); *Ex parte Young*, 209 U.S. 123, 159-60 (1908) (suit against a state official seeking

prospective injunctive relief from unconstitutional state action is not a suit against the state, even if state is real party in interest). In the event Plaintiffs move to file a third amended complaint, they must keep in mind that the third amended complaint will supersede all past complaints and, thus, they must include in it allegations, claims and relief sought against all defendants.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The motion to dismiss the claims against Prelip is granted without prejudice to reinstating them should Plaintiffs learn of Prelip's current address. Doc. no. 47.

2. The motion for reconsideration is granted, in part. Doc. no. 48. The Court reconsiders Plaintiffs' motion for appointment of counsel and denies it. The Court reconsiders its dismissal of the claims against the Department of Corrections and concludes that dismissal of the claims against this defendant was not in error.

3. This Order terminates docket nos. 47 and 48.

**IT IS SO ORDERED.**

Dated: June 10, 2014

_____
VINCE CHHABRIA
United States District Judge

5