UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>J. FRISK,<br><br>    Defendant. | Case No. 13-cv-05502-VC<br><br>**ORDER TO SHOW CAUSE RE: VACATING PLAINTIFFS' IFP STATUS AND STAYING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 65-67 |

Plaintiffs Jeremy Pinson and Mikeal Stine, inmates at the United States Penitentiary in Florence, Colorado, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging the violation of their constitutional rights by employees at Pelican Bay State Prison in California. On March 17, 2014, the Court granted Plaintiffs' motions for leave to proceed *in forma pauperis* ("IFP"). On April 14, 2014, the Court issued an Order of Partial Service on Defendant J. Frisk. Since this time, Plaintiffs have filed many motions, some of which are still pending. For instance, Plaintiffs have sought the Court's help in serving subpoenas on three federal agencies located in Washington, D.C., *see* Dkt. No. 57 and have filed numerous discovery motions. *See* Dkt. Nos. 56, 62, 65-67.

It has recently come to the Court's attention that Plaintiffs may be precluded from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

**I. Standard Under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. In such instances, it is appropriate for the district court to dismiss the civil rights action without prejudice to plaintiff reopening his action by refiling his complaint and paying the full filing fee. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

The plain language of the imminent danger exception in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The plaintiff has the burden of proving that he was in imminent danger of serious physical injury at the time he filed the action.

**II. Application to Plaintiffs**

Several courts have found that plaintiffs have filed three or more frivolous lawsuits and, on this ground, have barred them from proceeding under IFP status unless they met the imminent danger exception of § 1915(g). *See e.g.*, *Pinson v. Samuels*, __ F.3d __, 2014 WL 3824223, *1 (D.C. Cir. Aug. 5, 2014) ("Because Pinson has run afoul of the Prison Litigation Reform Act's

three-strikes provision and has failed to demonstrate that he qualifies for the imminent danger exception, we deny his motion to proceed *in forma pauperis*."); *Pinson v. Armigo*, 2014 WL 1034992, *1 (D. Col. Mar. 18, 2014) ("Mr. Pinson, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous.") (listing prior three-strikes cases); *Pinson v. Casden*, 2013 WL 3216144, *1 (D. Col. June 25, 2013) (listing prior three-strikes cases); *also see*, *Stine v. Davis*, 2010 WL 3019950, *1 (D. Col. July 28, 2010) ("Mr. Stine has filed more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous or for failure to state a claim.") (listing prior three-strikes cases); *Stine v. Lappin*, 2009 WL 2848849, *3 (D. Col. Sept. 1, 2009) ("Plaintiff already has at least four strikes against him pursuant to 28 U.S.C. § 1915(g). Despite his inability to proceed *in forma pauperis*, Plaintiff has now enlisted the financial aid of other inmates to allow him to proceed undaunted. Since 2006, Plaintiff has filed thirteen cases in this District, dismissing several of them voluntarily when facing a dispositive motion (but only after much effort was expended by the Court and Defendants). Excluding those cases that were dismissed on preliminary review, Plaintiff's cases have two things in common: (1) none has been found to have merit and (2) all have involved vexatious, frivolous and malicious filing of pleadings without legal justification."). The *Lappin* court issued an injunction imposing specific restrictions on Stine's filing future *pro se* cases in the District of Colorado. *Id.* at *3-4, 20-21.

Because it appears that plaintiffs are barred from proceeding IFP in this action, the Court stays all pending motions in this case and directs the parties to file briefs on this issue.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Within twenty-one days from the date of this order, Defendant Frisk shall file a brief, pursuant to § 1915(g), addressing whether plaintiffs are precluded from proceeding IFP in this action and, if so, whether this case should be dismissed. In the brief, Frisk shall describe the cases which qualify as strikes under § 1915(g).

2. Plaintiffs' opposition is due twenty-one days thereafter.

3. The Clerk of the Court shall stay all pending motions in this case until the Court rules on

3

plaintiffs' IFP status.

**IT IS SO ORDERED.**

Dated: September 18, 2014

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON, et al., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> J. FRISK, <br><br>　　　　Defendant. | Case No.　13-cv-05502-VC <br><br> **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeremy  Pinson ID: 16267-064
U.S. Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

Mikeal  Stine ID: 55436-098
U.S. Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

Dated: 9/18/2014

　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Kristen Melen, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable VINCE CHHABRIA

5